## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID J. ALEXANDER,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION NO. 02-CV-3991** |
| v. : | |
| : | |
| **HOME GOLD, INC.,** : | |
| : | |
| **Defendant.** : | |

### HOME GOLD, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Home Gold, Inc. (hereafter "Home Gold"), by its undersigned attorneys, for its answer to plaintiff's complaint, says:

**I.   INTRODUCTION**

   1.   The averments contained in paragraph 1 of plaintiff's complaint set forth a legal conclusion and, therefore, Home Gold denies the averments as stated. To the extent paragraph 1 sets forth factual averments, Home Gold admits that plaintiff purports to assert the claims contained in paragraph 1 but denies that plaintiff is entitled to relief from Home Gold.

**II.   PARTIES**

   2.   The averments contained in paragraph 2 of plaintiff's complaint set forth a legal conclusion and, therefore, Home Gold denies the averments as stated. To the extent paragraph 2 sets forth factual averments, Home Gold lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

   3.   Home Gold admits the averments contained in paragraph 3 of plaintiff's complaint.

**III.     JURISDICTION**

   4-5. The averments contained in paragraphs 4 and 5 of plaintiff's complaint set forth legal conclusions and, therefore, Home Gold denies the averments as stated. To the extent paragraphs 4 and 5 set forth factual averments, Home Gold does not dispute this Court's jurisdiction or the venue of this matter.

**IV.     STATEMENT OF CLAIM**

   6. Home Gold lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of plaintiff's complaint and, therefore, denies the averments.

   7. Home Gold admits the averments contained in paragraph 7 of plaintiff's complaint.

   8. Home Gold lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of plaintiff's complaint and, therefore, denies the averments.

   9. The averments contained in paragraph 9 of plaintiff's complaint set forth a legal conclusion and, therefore, Home Gold denies the averments as stated. To the extent paragraph 9 sets forth factual averments, Home Gold denies the averments.

   10-11. The averments contained in paragraphs 10 and 11 of plaintiff's complaint set forth legal conclusions and, therefore, Home Gold denies the averments as stated. To the extent paragraphs 10 and 11 set forth factual averments, Home Gold denies that it obtained plaintiff's consumer report and, therefore, denies the averments.

12-13. The averments contained in paragraphs 12 and 13 of plaintiff's complaint set forth legal conclusions and, therefore, Home Gold denies the averments as stated. To the extent paragraphs 12 and 13 set forth factual averments, Home Gold denies the averments.

14. The averments contained in paragraph 14 of plaintiff's complaint set forth a legal conclusion and, therefore, Home Gold denies the averments as stated.

15. The averments contained in paragraph 15 of plaintiff's complaint set forth a legal conclusion and, therefore, Home Gold denies the averments as stated. To the extent paragraph 15 sets forth factual averments, Home Gold denies the averments.

## COUNT I – FAIR CREDIT REPORTING ACT

16. Home Gold incorporates by reference its previous responses as though fully set forth herein.

17-18. The averments contained in paragraphs 17 and 18 of plaintiff's complaint set forth legal conclusions and, therefore, Home Gold denies the averments as stated. To the extent paragraphs 17 and 18 set forth factual averments, Home Gold denies the averments.

## COUNT II – INVASION OF PRIVACY

19. Home Gold incorporates by reference its previous responses as though fully set forth herein.

20-21. The averments contained in paragraphs 20 and 21 of plaintiff's complaint set forth legal conclusions and, therefore, Home Gold denies the averments as stated. To the extent paragraphs 20 and 21 set forth factual averments, Home Gold denies the averments.

22. The averments contained in paragraph 22 of plaintiff's complaint set forth a legal conclusion and, therefore, Home Gold denies the averments as stated. To the extent paragraph 22 sets forth factual averments, Home Gold admits that plaintiff demands a trial by jury but lacks knowledge or information sufficient to form a belief as to whether plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff did not suffer any damages as a result of the conduct of Home Gold.

### Second Defense

Plaintiff failed to mitigate his damages.

### Third Defense

To the extent plaintiff suffered damages, none being admitted, they were caused by the actions of third persons for which Home Gold is not responsible.

### Fourth Defense

Home Gold did not commit any wrongful, illegal or inappropriate acts.

### Fifth Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Sixth Defense

Home Gold is immune, in whole or in part, from plaintiff's claims.

### Seventh Defense

Plaintiff's claims are pre-empted, in whole or in part.

WHEREFORE, Home Gold, Inc. demands judgment in its favor and against plaintiff, together with such other relief, including costs and attorneys' fees as the Court deems just and proper.

                Respectfully submitted,

                _____
                BALLARD SPAHR ANDREWS & INGERSOLL, LLP
                BY:   John L. Culhane
                        John K. Semler, Jr.
                        1735 Market Street, 51st Floor
                        Philadelphia, PA 19103-7599
                        (215) 665-8500

Attorneys for Home Gold, Inc.

Dated: August 12, 2002

## **CERTIFICATE OF SERVICE**

I, John K. Semler, Jr., hereby certify that a true and correct copy of the foregoing Answer of Home Gold, Inc. was mailed, via first class mail, to the following persons:

Cary L. Flitter, Esquire
Lundy, Flitter, Beldecos & Beregr, P.C.
450 N. Narberth Avenue
Narberth, PA 19072

_____
John K. Semler, Jr.

Dated: August 12, 2002