C:\joan\files\alexander\pleadings\suppmemoinsupportofmotiontocompel&adjournarbitration.doc11/22/02 (clf-jr)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. ALEXANDER<br>                    Plaintiff<br><br>vs.<br><br>HOME GOLD, INC.<br>                    Defendant | CIVIL ACTION<br><br><br><br>NO. 02-3991 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY AND
ADJOURN ARBITRATION HEARING**

Plaintiff has filed a motion to compel discovery and adjourn arbitration.  In response, on or about October 31, 2002, defendant finally sent its initial disclosures and responses to plaintiff's discovery requests.  For the reasons which follow, plaintiff nonetheless asks that the arbitration be adjourned for a period of forty-five (45) days.  Defendant does not oppose.

Plaintiff has attempted to secure the deposition of David Weiss, an individual who may have been the Home Gold employee who unlawfully obtained plaintiff's credit report in violation of 15 U.S.C. §1681q.  Although Mr. Weiss was subpoenaed to appear for deposition on Friday, November 1, 2002, he did not appear, but left a voice mail at my firm on October 25, 2002, to the effect that he had child care obligations and would not be able to attend.  I have since telephoned Mr. Weiss on two occasions and emailed him once asking for a better time and date when he can be deposed.  I have not heard a response.  If a satisfactory date can not be reached in the next several days for the rescheduling of Weiss' deposition, plaintiff will need to apply to the Court for an Order enforcing the deposition subpoena.  Assuming an Order is granted, that Order will then have to be served, the deposition scheduled and taken and the

transcript produced. Depending on Mr. Weiss' testimony, plaintiff may seek leave to add Mr. Weiss as a party defendant, if indeed, he obtained plaintiff's credit report.

Further, although Home Gold has finally produced written answers to discovery, those answers are incomplete. Unless counsel for the parties are able to resolve those differences in the next day or two, plaintiff will need to apply to the Court for an Order striking objections and compelling full answers. For examples, answers concerning Home Gold's policies and practices with respect to maintaining confidentiality of the statutorily protected consumer credit information is vague and incomplete. Moreover, Home Gold has not produced any documentation or evidence concerning its corporate policies and practices with respect to securing the computer terminal access. The sole document which Home Gold has chosen to produce in response to the discovery requests is the employee file of Mr. Weiss. Nor has Home Gold identified a single corporate designee in its responses, nor in response to the Rule 30(b)(6) notice, ostensibly because of the turnover at the Home Gold home office.

Plaintiff acted promptly, forwarding discovery requests within two days of this Court's scheduling conference. The delay has been occasioned by the defendant here, not the plaintiff. While plaintiff does not seek any punitive remedy - - indeed Home Gold consents to this request - - plaintiff should not be prejudiced in the presentation of his case by virtue of the happenstance of a change in personnel at Home Gold's home offices and the difficulty in securing witness testimony despite due diligence.

I certify that the facts contained within this Memorandum are true and correct to the best of my knowledge, information and belief.

WHEREFORE, plaintiff requests that his motion be granted and the arbitration hearing scheduled for Wednesday, November 13, 2002 be adjourned for a date during the week of January 5, 2003.

                                                    Respectfully submitted:

Date: _____                                          _____
                                                         CARY L. FLITTER
                                                         Attorney for Plaintiff

                                                         LUNDY, FLITTER,
                                                         BELDECOS & BERGER, P.C
                                                         450 N. Narberth Avenue
                                                         Narberth, PA 19072
                                                         (610) 822-0782

C:\joan\files\alexander\pleadings\suppmemoinsupportofmotiontocompel&adjournarbitration.doc11/22/02 (clf-jr)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| DAVID J. ALEXANDER | CIVIL ACTION |
|---|---|
| Plaintiff | |
| vs. | |
| HOME GOLD, INC. | NO. 02-3991 |
| Defendant | |

## CERTIFICATE OF SERVICE

I, CARY L. FLITTER, do hereby certify that I did mail a copy of the foregoing, via fax, to the following:

John K. Semler, Jr., Esquire
BALLARD, SPAHR, ANDREWS & INGERSOLL, LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599


DATE: _____                    _____
                                 CARY L. FLITTER

Case 2:02-cv-03991-CN     Document 11     Filed 11/05/2002     Page 5 of 5